UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KARL MCCORD, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 7:20-cv-02171 |
| v. | § § § | |
| LIBERTY ENERGY SERVICES, LLC and SAFETY MANAGEMENT SYSTEMS, LLC, Defendants. | § § § § § | |

PLAINTIFF'S ORIGINAL CLASS ACTION AND
COLLECTIVE ACTION COMPLAINT

I.  SUMMARY

1. Plaintiff Karl McCord and the employees he seeks to represent ("Class Members") are current and former employees paid on a day rate basis by Defendants Liberty Energy Services, LLC and Safety Management Systems, LLC. ("Defendants"). Defendants knowingly and deliberately failed to compensate Plaintiff and the Class Members at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

2. Defendants violated the Fair Labor Standards Act ("FLSA") by misclassifying the Plaintiff and Class Members as exempt from overtime. Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "FLSA Class Members."

3. Likewise, Defendants' conduct violates the laws of New York. Defendants failed to pay overtime wages, additional wages for working more than 10 hours in a single day, failed to provide accurate and timely notice upon hire, failed to issue wages on a weekly basis as opposed to on a bi-weekly basis, and provided pay statements that were inaccurate, in violation of New York Labor laws. Plaintiff brings this lawsuit as Rule 23 Class Action under New York law. Members of the New York Class Action are referred to as "New York Class Members."

## II.     SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants do business in this District and the violations took place while Plaintiff worked in this District.

## III.     PARTIES AND PERSONAL JURISDICTION

6. Plaintiff McCord is an individual currently residing in Denver, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The "FLSA Class Members" are all current and former employees of Defendants paid a day rate without overtime pay during the three year period prior to the filing of this Complaint to the present.

8. The "New York Class Members" are all current and former employees of Defendants paid a day rate without overtime pay in New York during the six year period prior to the filing of this Complaint to the present. The FLSA Class Members and New York Class Members shall be collectively referred to as the "Class Members."

9. Defendant Liberty Energy Services, LLC is a foreign company doing business in New York. Said Defendant can be served with process by serving its registered agent, Sammy G. Nix, at 916 Morton Hill Lane, Haslet, TX 76052.

10. Defendant Safety Management Systems, LLC is a foreign company doing business in New York. Said Defendant can be served with process by serving its registered agent, Sammy G. Nix, at 916 Morton Hill Lane, Haslet, TX 76052.

11. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the state of New York. Defendants have established minimum contacts sufficient to confer jurisdiction over them, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendants is, therefore, consistent with the constitutional requirements of due process.

12. Specifically, Defendants employ residents of New York, own property in New York, contracts with companies in New York, and maintains a significant business presence in this state.

13. The causes of action in this suit arises from and relates to the contacts of Defendants with the state of New York, specifically Defendants' employment of workers in New York and the subsequent failure to pay those workers in accordance with the FLSA and New York law.

14. Defendants are joint employers and/or operate as a single enterprise. They share the same officers and directors. They share administrative functions, such as accounting and payroll operations. They share the same website located at https://https://libertyenergyservices.com/our-company//. On this website, the Defendants are identify as "Liberty Energy Services a Safety Management Systems Company." *Id*. They share control over hiring, firing, advertising, and overhead decisions. Moreover, the operations of the companies are

inter-mingled. That is, they employ the same workers and have the same business purpose - to staff provide pipeline services in the oil and gas industry. Further, the companies share the same clients and customers. Thus, they are jointly and severally liable for the damages asserted in this Complaint.

### IV. FACTS

15. Defendants operate in the oil and gas industry and perform inspection services. As their website states, "At Liberty, we not only recruit and retain qualified inspectors, but we ensure they have integrity and a strong work ethic. Then, we provide field support so they are equipped with the right tools to do their job safely and successfully." (*See* https://https://libertyenergyservices.com/services/super-inspectors/, last visited 3/10/2020).

16. To provide these services, Defendants employ hundreds of inspectors nationwide to inspect pipelines during construction and periodically during their use. Defendants employ workers nationwide as (1) Safety Inspectors, (2) Environmental Inspectors, (3) Lead Welding Inspectors, (4) Welding Inspectors, (5) NDE/NDT Inspectors, (6) Electrical and Instrumentation Inspectors, (7) Tank Inspectors, (8) NACE Coating Inspectors, (9) Lead Utility Inspectors, (10) Utility Inspectors, and (11) Materials Inspectors. Defendants pay these workers on a day rate basis without overtime pay.

17. Plaintiff worked for Defendants from approximately March 2017 to October 2017 as an inspector. He worked in New York and Connecticut for Defendants.

18. Defendants paid Plaintiff on a day rate basis.

19. That is, Defendants paid Plaintiff a set amount per day regardless of the number of hours he worked each day or each week. Defendants did not pay Plaintiff a minimum, guaranteed amount each week.

20. Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

21. Plaintiff regularly worked over 40 hours each week. However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

22. Like Plaintiff, Defendants pay their other inspectors nationwide on a day rate basis.

23. Plaintiff regularly worked more than 40 hours in a week. In fact, Plaintiff commonly worked at least 12 hours during the majority of days that he worked for Defendants. As a result, Plaintiff frequently worked in excess of 60 hours per week.

24. Plaintiff's schedule was similar to the schedule of the Class Members.

25. Like Plaintiff, the Class Members were paid on a day rate basis. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

26. The Plaintiff and Class Members were not exempt from the overtime requirements of the FLSA or New York Labor Law.

27. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) or under New York law are applicable to the Plaintiff and the Class Members because they were not paid on a "salary" basis or "fee" basis.

28. Instead, Plaintiff and the Class Members were paid a day rate.

29. Further, the Department of Labor has stated that inspection work, of the type performed by Plaintiff and the Class Members, is not subject to the administrative exemption. The FLSA's regulations state as follows:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been

>   catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

30. Here, Plaintiff and the Class Members were manual laborers who performed routine inspection work. The administrative exemption does not apply to manual laborers like Plaintiff and the Class Members. *See* 29 C.R.R. § 541.3(a) (overtime exemptions do not apply to "'manual laborers' or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

31. Moreover, Plaintiff and the Class Members performed work that was "service" related, which is distinct from "administrative" work. They worked outdoors performing oil and gas operations.

32. Defendants' method of paying Plaintiff and the Class Members was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendants knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendants' violations of the law were willful.

### V.   CAUSES OF ACTION

### COUNT 1

**Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)**
**On Behalf of Plaintiff and the FLSA Collective Class**

33. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

34. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and the FLSA Class Members overtime compensation.

35. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

36. At all material times, Defendants has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

37. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

38. Defendants have had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

39. At all material times, Plaintiff and the FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

40. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

41. Defendants' compensation scheme applicable to Plaintiff and the FLSA Class Members failed to comply with 29 U.S.C. § 207(a)(1).

42. Defendants knowingly failed to compensate Plaintiff and the FLSA Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

43. During all relevant times, Plaintiff and the FLSA Class Members were covered employees entitled to the above-described FLSA protections.

44. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT 2

**Failure to Pay Overtime**
**(N.Y. Lab. Law §190 *et seq*. and N.Y. Lab. Law §650 *et seq*.)**
**On Behalf of Plaintiff and the New York Class**

45. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

46. This count arises from Defendants' violation of N.Y. Lab. Law §190 *et seq*. and N.Y. Lab. Law §650 *et seq*. (and any supporting regulations), for their failure to pay Plaintiff and the New York Class Members all their overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the New York Class Members were entitled to receive one and one-half times their regular rates of pay.

47. Defendants violated N.Y. Lab. Law §190 *et seq*. and N.Y. Lab. Law §650 *et seq*. by failing to compensate Plaintiff and the New York Class Members consistent with the overtime provisions.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT 3

**Spread of Hours Violation**
**(N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4)**
**On Behalf of Plaintiff and the New York Class**

49. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50. This count arises from Defendants' violation of the NYLL; specifically, Defendants' violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

51. Defendants violated the NYLL by failing to comply with their obligation to pay Plaintiff and the New York Class Members the additional hour of wages required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 on those days when Plaintiff and the New York Class Members in fact worked for ten or more hours.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### COUNT 4

**Wage Theft Prevention Act Violation**
**(N.Y. Lab. Law §§ 2, 190, 651, *et seq*)**
**On Behalf of Plaintiff and the New York Class**

53. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54. At all relevant times, Plaintiff and the New York Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff and the New York Class' rights by failing to provide them with a compliant <u>notice upon hiring</u> required by the WTPA throughout the relevant time period.

56. The WTPA required Defendants to provide its workers with a notice upon hiring that disclosed the regular hourly rate of pay, the overtime rate of pay, whether they were paid by hour, shift, day, week, etc., the regular pay day designated by the employer in accordance with section 191 of the WTPA, the name and address of the employer and the employer's telephone number. Defendants failed to comply with these requirements. Indeed, Defendants could not provide the accurate hourly rate of pay or overtime rate of pay because, by their own admission, Defendants did not pay overtime each week. Defendants omitted other critical information as well.

57. The WTPA also required Defendants to provide particular information to Plaintiff and the New York Class Members on every pay statement including, *inter alia*, the date of work "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages . . . the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." N.Y. LAB. L. § 195(3).

58. Defendants' wage statements did not comply with these requirements. The wage statements did not include the number of hours of work, how pay was calculated, the amount of deductions that were taken, Defendants' phone number, and other information.

59. Through their knowing and intentional failure to provide Plaintiff and the New York Class with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

60. Due to Defendants' willful violations of the NYLL, Plaintiff and the New York Class is entitled to recovery statutory penalties, together with costs and attorneys' fees. N.Y. LAB. LAW § 198.

## VI.   COLLECTIVE ACTION ALLEGATIONS

61. As part of its regular business practices, Defendants have engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

62. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants and were paid on a day rate basis within the three (3) years preceding the filing of this Complaint to the present.

63. Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

64. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendants' policy of not paying the overtime rate for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendants.

65. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

66. Defendants' failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

67. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendants' business.

68. The specific job titles or precise job responsibilities of each FLSA Class Member does not foreclose collective treatment because liability in this case relates to Defendants' decision to pay its employees on a day rate without overtime.

69. FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

70. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

71. Like Plaintiff, all FLSA Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

72. The names and addresses of the FLSA Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

73. Although the exact amount of damages may vary among the individual FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

74. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

75. As such, the class of similarly situated employees is properly defined as follows:

> **All of Defendants' current and former employees paid on a day rate basis without overtime pay during the three year period prior to the filing of this Complaint to the present.**

## VII.   RULE 23 CLASS ACTION ALLEGATIONS

76. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the New York Class, which is comprised of:

> **All of Defendants' current and former employees paid on a day rate basis without overtime pay in New Yorkduring the six year period prior to the filing of this Complaint to the present.**

77. Numerosity.  The number of members in the New York Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the New York Class will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the New York Class and Defendants.

78. Typicality.  Plaintiff's claims are typical of the New York Class because like the members of the New York Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the New York Class.  Defendants failed to pay the New York Class Members overtime compensation.  All members of the New York Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly classified as exempt and denied overtime.  Plaintiff and the New York Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with New York law.  As such, Plaintiff's claims are typical of the claims of the New York Class.  Plaintiff and all members of the New York Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

79. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the New York Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under New York law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the New York Class she seeks to represent.

80. Common questions of law and fact exist to all members of the New York Class. These questions predominate over the questions affecting individual class members.

    A. Whether Plaintiff and the New York Class worked hours in excess of 40 per work week;

    B. Whether Plaintiff and the New York Class were denied overtime pay at a rate not less than one and one-half times their regular rate as prescribed by New York Law;

    C. Whether Defendants paid the Plaintiff and New York Class additional wages when they worked in excess of ten hours per shift;

    D. The proper method of calculating the amount of back pay owed to the New York Class;

    E. Whether Plaintiff and the New York Class were required to be paid on a weekly basis;

    F. Whether the wage statements issued to Plaintiff and the New York Class violated the WTPA;

    G. Whether Defendants failed to provide the required phone number on each wage statement; and

      H. Whether Defendants provided Plaintiff and the New York Class Members accurate and complete information in compliance with the notice upon hiring requirements of the WTPA.

81. These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the class.

82. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the New York Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

83. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual New York Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the New York Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the New York Class is readily identifiable from Defendants' records.

84. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants

to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendants to accurately record hours worked by employees and meal periods taken. Ultimately, a class action is a superior form to resolve the New York claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the New York Class per applicable New York laws.

## VIII. PRAYER FOR RELIEF

85. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action to the FLSA Class Members;

b. Certifying that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

c. Preliminary, permanent, mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

d. Finding that Defendants' policies and/or practices described above violate the FLSA and New York Law;

e. Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendants for the causes of action alleged herein;

f. Awarding costs and expenses, including reasonable attorneys' fees and expert fees, and pre and post judgment interest; and

g. Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty
    (will apply for admission *pro hac vice*)
    dfoty@hftrialfirm.com
    Texas State Bar No. 24050022
    Fed. Id: 711552
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS