## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARL McCORD, Individually and For Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>LIBERTY ENERGY SERVICES, LLC and SAFETY MANAGEMENT SYSTEMS, LLC,<br><br>  Defendant. | §§§§§§§§§§§§§§  Civil Action No. 7:20-CV-02171-NSR |

## DEFENDANTS' ANSWER AND DEFENSES

Defendants Liberty Energy Services, LLC ("Liberty") and Safety Management Systems, LLC ("SMS") (collectively, "Defendants") respectfully file the following Answer and Defenses to Plaintiff's Original Class Action and Collective Action Complaint (Doc. 1) (the "Complaint").

## DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendants and are Plaintiff's burdens to prove. Furthermore, since the precise number and identity of additional Plaintiffs is not yet established, Defendants reserve the right to further amend this Answer to include additional defenses as more information becomes available. Defendants further reserve the right to amend this Answer to re-assert defenses it has withdrawn herein if more information regarding those defenses becomes available.

## FIRST DEFENSE

The Complaint fails in whole or in part to state a claim or cause of action for which relief may be granted.

**SECOND DEFENSE**

The claims of Plaintiff and members of the putative class fail to the extent they fall within one or more of the statutory exemptions to the overtime provisions of the FLSA.

**THIRD DEFENSE**

The three-year statutory limitations period in 29 U.S.C. § 255(a) is not applicable because any violation of the FLSA, which Defendants do not admit occurred, was not willful. Plaintiff's claims, though denied, are limited by the applicable two-year statutory limitations period.

**FOURTH DEFENSE**

Liquidated damages are not available because, at all times relevant to this action, Defendants acted in good faith and had reasonable grounds for believing it did not violate the provisions of the FLSA.

**FIFTH DEFENSE**

Plaintiff and members of the purported class have received all compensation due and owing in accordance with applicable law.

**SIXTH DEFENSE**

Any claims for recovery of overtime compensation and liquidated damages are barred for hours worked without Defendants' actual or constructive knowledge.

**SEVENTH DEFENSE**

To the extent Plaintiff or any member of the putative class is entitled to any additional alleged overtime pay, they would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

**EIGHTH DEFENSE**

Any potential recovery for *de minimis* time worked is not compensable.

### NINTH DEFENSE

Any preliminary and/or postliminary time for which Plaintiff and members of the putative class seek compensation is non-compensable and barred by 29 U.S.C. § 254.

### TENTH DEFENSE

Some or all of the disputed time for which Plaintiff and members of the putative class seek recovery of wages purportedly owed was spent engaging in activities that were not compensable work under the FLSA and were not an integral and indispensable part of Plaintiff's or the putative class' principal activities.

### ELEVENTH DEFENSE

Members of the putative class are not similarly situated for purposes of the allegations and claims made in this lawsuit.

### TWELFTH DEFENSE

The type of claims for which Plaintiff purports to bring a collective action are matters on which individual issues predominate and are not appropriate for a collective action.

### THIRTEENTH DEFENSE

Plaintiff is not an adequate representative of the purported class.

### FOURTEENTH DEFENSE

Any claimed damages are limited by applicable law, including the United States Constitution and the Fair Labor Standards Act.

### FIFTEENTH DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of payment because Plaintiff and members of the putative class were properly compensated for all time worked in accordance with the FLSA and because Plaintiff was paid for additional time including, without limitation, time paid but not worked.

## SIXTEENTH DEFENSE

The claims set forth in the Complaint are barred for hours Plaintiff and members of the putative class did not report to Defendants. Defendants neither knew nor had reason to know Plaintiff and members of the putative class were working any uncompensated overtime hours and were not accurately reporting his/their hours of work. Accordingly, Defendants are not liable for any alleged unpaid unreported overtime hours.

## RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT

Subject to and without waiving any of the above defenses, Defendants respond to the specific allegations of the Complaint as follows.

### I. SUMMARY[1]

1. Paragraph 1 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 3 of the Complaint.

### II. SUBJECT MATTER JURISDICTION AND VENUE

4. Defendants do not dispute that a federal district court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and supplemental jurisdiction

---

[1] Defendants include the section headings from the Complaint for reference purposes only. Defendants deny any and all allegations in the section headings of the Complaint.

over Plaintiff's claims under state law. Defendants deny any and all remaining allegations in paragraph 4 of the Complaint.

5.     Defendants deny the allegations in paragraph 5 of the Complaint.

### III. PARTIES AND PERSONAL JURISDICTION

6.     Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 6 of the Complaint and therefore deny the same.

7.     Defendants admit that Plaintiff purports to bring this action on behalf of the individuals identified as "FLSA Class Members." Defendants deny any and all remaining allegations in paragraph 7 of the Complaint and deny that class or collective treatment is proper.

8.     Defendants admit that Plaintiff purports to bring this action on behalf of the individuals identified as "New York Class Members." Defendants deny any and all remaining allegations in paragraph 8 of the Complaint and deny that class or collective treatment is proper.

9.     Defendants deny the allegations in paragraph 9 of the Complaint.

10.    Defendants deny the allegations in paragraph 10 of the Complaint.

11.    Paragraph 11 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 11 of the Complaint.

12.    Defendants admit that they previously employed individuals who worked in New York. Defendants deny any and all remaining allegations in paragraph 12 of the Complaint.

13.    Paragraph 13 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 13 of the Complaint.

14.    Defendants deny the allegations in paragraph 14 of the Complaint.

## IV. FACTS

15. Defendants admit that they operate in the oil and gas industry and perform inspection services. Defendants deny any and all remaining allegations in paragraph 15 of the Complaint.

16. Defendants admit that they employ many safety inspectors in multiple states with various job titles and functions. Defendants deny any and all remaining allegations in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff worked for Liberty during 2017. Defendants deny any and all remaining allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff's compensation varied based on factors including the amount of work he performed. Defendants deny any and all remaining allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff was paid for working 40 or more hours in multiple weeks. Defendants deny any and all remaining allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. No class has been certified in this action. Accordingly, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 25 of the Complaint and therefore deny the same.

26. Paragraph 26 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 28 regarding putative class members. Defendants deny any and all remaining allegations in paragraph 28 of the Complaint.

29. Defendants admit that the United States Department of Labor issued the regulation contained in 29 C.F.R. § 541.203(g) and state that the regulation speaks for itself. Defendants deny any and all remaining allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

## V. CAUSES OF ACTION

### COUNT 1

**Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.***)**
**On Behalf of Plaintiff and the FLSA Collective Class**

33. Paragraph 33 of the Complaint is an incorporation-by-reference paragraph to which no response is required. To the extent a response is required, Defendants incorporate by reference their answers to the foregoing paragraphs as if fully set forth herein.

7

34. Paragraph 34 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants admit that Liberty and SMS have had annual gross income of not less than $500,000 a year for the three years preceding the filing of the Complaint.

39. Paragraph 39 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations regarding Plaintiff in paragraph 39 of the Complaint and state that, because no class has been certified, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 39 of the Complaint regarding purported class members and therefore deny the same.

40. Paragraph 40 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants state that the FLSA speaks for itself and deny any and all remaining allegations in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations regarding Plaintiff in paragraph 41 of the Complaint and state that, because no class has been certified, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 41 of the Complaint regarding purported class members and therefore deny the same.

42. Defendants deny the allegations regarding Plaintiff in paragraph 42 of the Complaint. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 42 of the Complaint regarding purported class members and therefore deny the same.

43. Paragraph 43 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations regarding Plaintiff in paragraph 43 of the Complaint and state that, because no class has been certified, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 43 of the Complaint regarding purported class members and therefore deny the same.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

### COUNT 2

**Failure to Pay Overtime
(N.Y. Lab. Law §190 et seq. and N.Y. Lab. Law §650 *et seq*.)
On Behalf of Plaintiff and the New York Class**

45. Paragraph 45 of the Complaint is an incorporation-by-reference paragraph to which no response is required. To the extent a response is required, Defendants incorporate by reference their answers to the foregoing paragraphs as if fully set forth herein.

46. Paragraph 46 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants state that New York Labor Law speaks for itself and deny any and all remaining allegations in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations regarding Plaintiff in paragraph 47 of the Complaint and state that, because no class has been certified, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 47 of the Complaint regarding purported class members and therefore deny the same.

48. Paragraph 48 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 48 of the Complaint.

## COUNT 3

### Spread of Hours Violation
### (N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4)
### On Behalf of Plaintiff and the New York Class

49. Paragraph 49 of the Complaint is an incorporation-by-reference paragraph to which no response is required. To the extent a response is required, Defendants incorporate by reference their answers to the foregoing paragraphs as if fully set forth herein.

50. Paragraph 50 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants state that New York Labor Law and New York State Department of Labor Regulation § 142-2.4 speak for themselves and deny any and all remaining allegations in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations regarding Plaintiff in paragraph 51 of the Complaint and state that, because no class has been certified, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 51 of the Complaint regarding purported class members and therefore deny the same.

52. Paragraph 52 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52 of the Complaint.

## COUNT 4

### Wage Theft Prevention Act Violation
### (N.Y. Lab. Law §§ 2, 190, 651, *et seq*.)
### On Behalf of Plaintiff and the New York Class

53. Paragraph 53 of the Complaint is an incorporation-by-reference paragraph to which no response is required. To the extent a response is required, Defendants incorporate by reference their answers to the foregoing paragraphs as if fully set forth herein.

54. Paragraph 54 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 60 of the Complaint.

## VI. COLLECTIVE ACTION ALLEGATIONS

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants admit that Plaintiff purports to bring this action as an FLSA collective action as stated in paragraph 62 of the Complaint but deny that a collective action is appropriate. Defendants deny any and all remaining allegations in paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 63 of the Complaint and therefore deny the same.

64. Defendants admit that Plaintiff worked with other individuals. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 64 of the

Complaint regarding Plaintiff's purported knowledge and therefore deny the same. Defendants deny any and all remaining allegations in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 69 of the Complaint and therefore deny the same.

70. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 70 of the Complaint and therefore deny the same.

71. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 71 of the Complaint and therefore deny the same.

72. Defendants lack knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 72 of the Complaint and therefore deny the same. The second sentence of paragraph 72 of the Complaint asserts legal declarations and conclusions to

which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 72 of the Complaint.

73. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 73 of the Complaint and therefore deny the same.

74. Paragraph 74 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 75 of the Complaint.

## VII. RULE 23 CLASS ACTION ALLEGATIONS

76. Defendants admit that Plaintiff purports to bring this action as an class action under Federal Rule of Civil Procedure 23 as stated in paragraph 76 of the Complaint but deny that a class action is appropriate. Defendants deny any and all remaining allegations in paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 77 of the Complaint because they refer to putative members of a class that has not been certified and therefore deny the same.

78. Paragraph 78 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 78 of the Complaint

because they refer to putative members of a class that has not been certified and therefore deny the same.

79. Paragraph 79 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 79 of the Complaint because they refer to putative members of a class that has not been certified and therefore deny the same.

80. Paragraph 80 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 80 of the Complaint because they refer to putative members of a class that has not been certified and therefore deny the same.

81. Paragraph 81 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 81 of the Complaint because they refer to putative members of a class that has not been certified and therefore deny the same.

82. Paragraph 82 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 82 of the Complaint because they refer to putative members of a class that has not been certified and therefore deny the same.

83. Paragraph 83 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 83 of the Complaint because they refer to putative members of a class that has not been certified and therefore deny the same.

84. Paragraph 84 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 84 of the Complaint.

## VIII. PRAYER FOR RELIEF

85. Defendants admit that Plaintiff seeks the relief requested in paragraph 85 of the Complaint but deny that Plaintiff is entitled to such or any relief. Defendants specifically deny that Plaintiff is entitled to the relief requested in subparagraphs a through g of paragraph 85 of the Complaint.

86. Defendants deny all allegations not specifically admitted herein

## IX. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Complaint be dismissed with prejudice and Plaintiff take nothing thereby; that this Court deny any request to designate or certify this action as a collective or class action; that Defendants be awarded their attorneys' fees and costs incurred herein; and that Defendants be awarded any and all other and further relief, in law or in equity, to which they are justly entitled.

Respectfully submitted,

/s/Matthew P. Gizzo
Matthew P. Gizzo
matthew.gizzo@ogletree.com
Daniel Bernstein
daniel.bernstein@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
599 Lexington Avenue, 17th Fl.
New York, New York 10022
Telephone: (212) 492-2500

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the ___ day of _____, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this case.

42603005.2